IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff, :

    vs. : Case No. 3:06cr192

THOMAS BALLATO, : JUDGE WALTER HERBERT RICE

    Defendant. :

---

DECISION AND ENTRY ON REMAND REAFFIRMING COURT'S
DECISION TO OVERRULE DEFENDANT'S MOTION TO DISMISS
(DOC. #85); DECISION AND ENTRY OVERRULING DEFENDANT'S
MOTION TO STRIKE (DOC. #163)

---

After this Court had overruled Defendant's Motion to Dismiss the Indictment, predicated upon an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., Defendant Thomas Ballato ("Defendant" or "Ballato") entered a conditional guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), reserving the right to appeal this Court's decision on the Motion to Dismiss. That charge had been added to this prosecution by the Superseding Indictment (Doc. #79), which was returned less than 30 days before Ballato filed his motion to dismiss.

After having been sentenced, the Defendant appealed this Court's resolution of his motion to dismiss. In the interim, the Sixth Circuit had decided United

States v. Tinklenberg, 579 F.3d 589 (6th Cir. 2009), rejected, — U.S. —, 131 S.Ct. 2007 (2011). Therein, the Sixth Circuit held that, under 18 U.S.C. § 3161(h)(1)(D), "a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time.."[1] Id. at 598. As a result, the Sixth Circuit remanded this prosecution for further consideration in light of the principles it had announced in Tinklenberg. See United States v. Ballato, 2010 WL 3398474 (6th Cir. 2010).

The Supreme Court has issued its decision Tinklenberg, rejecting the principles adopted by the Sixth Circuit. United States v. Tinklenberg, — U.S. —, 131 S. Ct. 2007 (2011). In particular the Supreme Court held:

> The particular provision before us, subparagraph (D), excludes from the Speedy Trial period "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." [18 U.S.C.] § 3161(h)(1)(D). The question is whether this provision stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins. Unlike the Sixth Circuit, we believe the answer to this question is yes.

---

[1] Section 3161(h)(1)(D), which was formerly § 3161(h)(1)(F), provides:
(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

\*     \*     \*

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion ....

Id. at 2012. The Supreme Court having rejected the rationale adopted by the Sixth Circuit in Tinklenberg, there is seemingly no longer any task for this Court to preform on remand.

Nevertheless, in response to Court's invitation to brief the effect of the Supreme Court decision in Tinklenberg (see Doc. #160), Ballato, rather than addressing that issue, argues that his right to a speedy trial, under both the Sixth Amendment and the Speedy Trial Act, has been violated by the passage of time between the Sixth Circuit's remand and the issuance of the Supreme Court's Opinion in Tinklenberg. See Doc. #161. However, it bears emphasis that the Sixth Circuit did not remand this prosecution for the purpose of a trial. Rather, this Court was directed to apply the Sixth Circuit's now rejected precedent and determine whether this prosecution was barred by the Speedy Trial Act. If this Court had concluded that the prosecution was so barred, it would then have determined whether dismissal should be with or without prejudice. If this Court had reached the opposite conclusion, it would have reinstated its former judgment. Thus, irrespective of how this Court resolved this matter on remand, there was not going to be a trial.[2] Defendant has failed to cite legal authority in support of his premise that his statutory and/or constitutional speedy trial rights were violated by a delay when there was not going to be a trial of this matter. He has also failed to cite such precedent in support of the proposition that delay on remand is somehow retroactively added to pre-plea, pre-appeal delay.

---

[2]Notably, Ballato has not explained what trial has been delayed as a result of the passage of time between the Sixth Circuit's remand order and the decision of the Supreme Court in Tinklenberg.

- 3 -

Moreover, with respect to Defendant's constitutional claim, although he has moved under the Sixth Amendment, this Court will assume for present purposes that he had based his constitutional challenge to the delay on the procedural component of the Due Process Clause, which is applicable to delays on remand.[3] The decision of the Sixth Circuit in United States v. Sanders, 452 F.3d 572 (6th Cir. 2006), cert. denied, 550 U.S. 920 (2007), is instructive. Therein, the Sixth Circuit analyzed delay in resentencing after remand under the test adopted by the Supreme Court for pre-indictment delay. See United States v. Lovasco, 431 U.S. 783 (1977). In Sanders, the Sixth Circuit explained that, under Lovasco, a court must focus on "(1) the reasons for the delay; and (2) what prejudice the defendant has suffered as a result of the delay." 452 F.3d at 580. The Sanders court also stressed that the judiciary has a very limited role in that inquiry and that the defendant bears a "heavy burden" of demonstrating that he was the victim of an unfair process. Id.

Herein, this Court concludes that neither factor supports the proposition that the post-remand delay deprived Ballato of his right to due process. The reason for the delay was not to allow the Government to gain an unfair strategic advantage,

---

[3]Since the Government has raised the issue in response to the Defendant's claim under the Sixth Amendment (see Doc. #162), this Court briefly discusses such a due process claim. Ballato has, however, waived such a claim by failing to raise it.

Defendant has moved to strike the Governments Response (Doc. #162) to his renewed speedy trial claim. See Doc. #163. He argues that striking that memorandum is proper, because it was filed more than month after he renewed his speedy trial claim. The Government, in turn, has filed a memorandum opposing Defendant's motion. See Doc. #164. The Court overrules the Defendant's Motion to Strike (Doc. #163), deeming it appropriate to consider same, even though untimely, because the Defendant's filing raised issues distinct from those upon which the Court invited briefing.

the type of delay which the Lovasco Court condemned. Rather, herein the delay was occasioned to permit the parties to express their views on a number of issues and to ensure that this Court utilized the correct interpretation of the Speedy Trial Act, as pronounced by the Supreme Court, when resolving this matter. In addition, the Defendant has not identified any prejudice that he has suffered as a result of the delay.[4]

Based upon the foregoing, this Court rejects the Defendant's assertion that he was denied his constitutional and/or statutory rights to a speedy trial by the delay on remand.

Based upon the foregoing, this Court reaffirms its Decision to overrule Ballato's Motion to Dismiss (Doc. #85). The judgment formerly entered in this prosecution is reinstated.

September 30, 2011

*(signature)*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[4]As an aside, this Court, knowing that the Tinklenberg case had been argued before the Supreme Court and that a decision thereon would be rendered before the close of the Term of that Court on June 30, 2011, in the interest of judicial economy, purposely delayed addressing the remanded issue until such decision had been announced by the Supreme Court.